310-0640-NFL-Rees, et al., appellant Thomas Watson v. LGSA, dean, et al., appellees Craig Unrack, Elizabeth Larson, Olympia Maddow You may proceed Thank you, your honor, and may it please the court, counsel This appeal raises many issues, but I'd like to begin my remarks with what I believe is the most erroneous of all the decisions made by the circuit court And that would be directed at counts three and four Those are directed against the school district defendants based upon a premises liability theory The lower court dismissed those counts based upon the public duty rule Holding back a common law, public entities don't have a duty to individuals, but rather the entire community That, I don't have to, I don't think I have to tell the court this, but to affirmance of that ruling The rule of law coming from this case would then be governmental entities no longer have a duty to maintain their property I can stand here with complete confidence and say that that's not the law, and I don't believe it's ever been the law in this state It's curious that the public duty argument wasn't even raised by the school district defendants until after the circuit court judge suggested that they do so Not surprisingly, they followed his advice and filed a motion to dismiss based upon the public duty rule The judge granted the motion, notwithstanding no authority to support that position I'm yet to find any authority myself that stands for the proposition that a local entity has no duty to maintain their property So the school district's left with a difficult argument, I believe, and they have to formulate an argument to justify the lower court's ruling They attempt to do so by saying that first counts three and four aren't actually premises liability counts, but rather code and statutory violations Our reply brief goes to great lengths to inform the court and direct the court to the allegations and the complaint where a premises liability count is alleged Briefly, we've alleged that they maintain, operate, and manage the property in question and have a duty to do so They willfully and with an utter indifference fail to maintain their property, and as a proximate result of that, Camden Bellfield was killed So we've alleged a duty breach causation damages Next, the argument is that their duty doesn't actually run to an individual, but rather to the community at large Before I get into the contentions against the public duty rule, I'd direct the court to section 3102 of the Tort Immunity Act In that section, it's codified that public entities do indeed have a duty to maintain their property, and that's just a codification of the common law rule Here, because of the uniqueness of the property, that being a recreational use property, they are afforded an extra protection That would be their conduct must be willful and wanton We've alleged that as well in counts 3 and 4. There hasn't really been any contention against that I don't really think there can be. It's alleged they completely fail to do their, or follow their duties for over 14 years I think that would be enough to sustain an utter indifference, or establish an utter indifference And with counts 3 and 4, there's not even any need to even address the public duty rule I think it's clear that it doesn't even apply here I think the simple ruling would be the public duty rule doesn't apply There is a common law duty. It's found in section 3102 of the Tort Immunity Act The Tort Immunity Act deals with immunities. It doesn't create duties That's correct, Your Honor. But it does, it did codify the duties existing in common law And one of the duties that it did codify was the common law duty that governmental entities have a duty to maintain their property As to the public, not as to individuals Well, I see the argument, but I don't really think that's ever really been the case When you look back and you see there constantly are cases brought against a public entity based upon a condition on their property This isn't anything new, and it doesn't matter whether it's to the public or the individual They have a duty to maintain their property, and that duty runs to whoever the breach of the duty proximately injures Okay, this is school property? That's correct Do you allege that the person injured was an employee or a student at the school? No, he was... Was it a school activity? Well, what happens here with this property is the school owns the property in question It's the ball field connected to the school They have various activities and community activities out there On the night in question, there's a softball event taking place And no, he wasn't a student Organized by... It was organized by the LGSA And they have an agreement with the school district that they will use the ball fields during the summer months But again, I don't believe that a public entity's duties are limited only to those students involved Or going to the school, I think their duty to maintain their property would be expanded to anyone that goes onto their property I don't think... Well, I think the state of the law would become drastically in favor of government immunity instead of liability Just imagine that no one has any responsibility to maintain any governmental property Because that duty is to the public and not to the individual I don't think that's ever really been the law I think the governmental entities have a duty to maintain their own property And they're going to be treated just the same as a private owner of property And a private owner of property, his duty is to, I guess, anyone that would potentially be on his property So I think the same rationale would apply to a public entity Especially in light of the 1970 constitution abolishing sovereign immunity And the cases, all the Supreme Court cases say, well, after that abolishment Now governmental entities are going to be treated as if they were a private entity The only difference is the governmental entities will have the benefit of various immunities Whether it be in the Tort Immunity Act or any other act that the legislature sees fit to provide an immunity for Next turn to counts 7 through 10 Those are the counts directed at the LGSA and the school district defendants Those are based upon a non-delegable duty for inherently dangerous activities Somewhat a relatively rare tort in Illinois, but it's most assuredly recognized I believe it's rare, probably because the inherently dangerous activity is not that common The tort is, it starts with the general rule that a contractor isn't liable for the negligence of their independent contractors But when you're dealing with inherently dangerous activity The general contractor or employer will have to provide reasonable safeguards against the inherently dangerous activity Here it's important to note that this is not ultra-hazardous activity Such as blasting or various examples such as that where strict tort liability would apply And this is also not just ordinary activities where there would be no obligation on the employer, general, or contractor This falls in the middle I don't think here there's any doubt that installing high-voltage electrical facilities on school property would be inherently dangerous Basically what this tort and what these counts are alleging is When the LGSA and the school district decided to put these high-voltage electrical light poles on their property They've got certain duties to see that it was done properly or to protect those using them from damages I don't think the law will allow you to simply put up wooden light poles with high-voltage electricity on them Going through them and let them sit there for 13 years Going through freezing winters and warm summers and letting them deteriorate And you have absolutely no duty to maintain those I think that's exactly what these counts are alleging When you do this and you want to have these on your property, you've got to take reasonable precautions to guard against any damages It's argued that the construction statute of repose would prevent the lawsuit on counts 7 through 10 But that repose statute is directed at those who actually constructed the poles Here we allege that an independent contractor did it Moreover, it's an affirmative matter that the defense has to raise That they actually did participate in these constructed activities And there's no affirmative material presented to this court It's also argued that our allegations themselves put the defense into this category protected by the statute of repose But that's not so We actually allege that the independent contractors were the ones that made the mistakes in the actual construction of the light poles We actually allege the complete opposite That the defendants did nothing involved with the construction And they did nothing after the construction as well Next, turning to counts 5 and 6 against the regional superintendent, Rookhart Our allegations, they're fairly simple He has a statutory duty Well, this is a statutory created position And the statutory created duties And some of his duties are to domain and control over the school districts And his county, which is Peoria County He's inspecting new construction activities after they're completed Ensure that they're done Was he the superintendent in 1994? He was He's been the superintendent, I believe, for over 20 years And he also has to yearly inspections of the facilities as well Here, he's completely failed to do that And he admittedly has said so So he's a complete and utter failure to do any of his duties as respects these light poles The public duty argument then is, well, he has these duties But who do these duties extend to? Again, like I was discussing earlier If he's going to be treated just like a private individual His duties are going to extend to whoever the breach of those duties approximately injured It'd be the same thing as if How do we get to that point? Treating him like a private individual when he's... Well, that's... Well, it starts with the Molitor case, 1965 Where the Supreme Court abolishes sovereign immunity From there, it goes on to the 1970 Constitution Where the abolishment of... Well, it's, I guess, put into the Constitution itself Saying, yes, sovereign immunity in all forms No matter how you linguistically couch it Are abolished in this state Are you trying to argue that the public duty rule is unconstitutional Without using the word unconstitutional? Well, in the... Well, I guess, yes and no I believe it is unconstitutional But in, I guess, some rare instance It could potentially be viable And that would be when there is absolutely no duty Whether it be statutory or common law Then, I guess, it could potentially be But... Well, if there's no duty, there's no tort anyway, so... Well, and that's where... This is where it gets into the... What I believe where the cases go astray When they start talking, well, the public duty rules It just says they don't have a duty Well, that... To me, that just sounds more like this is another form of immunity And, well... I guess, briefly, when I... The... What the issue comes down to is whether the public duty rule Actually is an immunity or some form of a duty Or, I guess, what courts... Some courts call it as a lack of a duty To me, that sounds like the same thing For example, the public duty rule Originated as a protection against liability From police and fire services To me, a protection from liability from those services That sounds a lot like an immunity And, indeed, the Tort Immunity Act codified Everything that the public duty rule stood for The Tort Immunity Act provides immunities for police services Fire services The... The public duty rule, it has an exception to it The special duty rule that would provide liability I only can think of one other concept in the law That has exceptions to it that would provide liability And those are immunities The last... Lastly, why it sounds like an immunity Is just the proposition itself That our duty is to the entire public Yet not to the individual That's quite the brain teaser to me Because I don't understand how you can say You have a duty to everyone Yet, simultaneously, you have a duty to no one To me, again, that just sounds like another form of immunity Say it another way You always go back and say, well Governmental offices, they never have Duties to the individual members It's always to the public To me, that starts to seem like How do you possibly bring a lawsuit against the government then If they can always go back and say A hundred years ago, we didn't have Any duties to anyone Our duties to the public in general Thank you Counsel's time Thank you, counsel Thank you Counsel Good afternoon, my name is Craig Unrath And I represent the Limestone Girls Softball Association Public duty rule has nothing to do with your... Absolutely nothing And I regret that I've not had the time to read Their very interesting briefs on this issue So I guess I'm hoping that the court is still interested in mine And I have a full counsel table back there The only counts dismissed as to your client Were based on the statute of repose Yeah, two bases for that It was the statute of repose And the fact that there's... That we have no duty for liability We are not responsible for an independent contractor It's the second basis Now the plaintiff has argued that The construction statute of repose Does not apply to my client and the school district Because they did not allege any conduct That's protected under the statute So right from the outset we have to look What did they allege? The plaintiff alleged that these defendants Owed a non-delegable duty To see that reasonable precautions were taken Against the special danger Of installing high voltage electrical facilities Now there's a quick way you can sum that up You can just say These defendants failed to take reasonable precautions To ensure the safety of others That's really what it comes down to Now what conduct is covered Under the construction statute of repose? It bars actions for acts or omissions In the supervision, observation And or management of construction projects Now if the claim is That we failed to take proper precautions Isn't that the same as saying That we didn't manage this construction project? That we didn't properly observe it? That we didn't properly supervise it? I don't see any reason why The construction statute of repose Would not apply to both my client And the school district Now the second basis As I mentioned earlier Is that of the general rule That an employer is not responsible For the negligent acts or omissions Of an independent contractor And the reasoning underlying that rule Is pretty simple It's just that the employer is usually Ill-equipped to prevent The contractor's negligence Now this case Is a perfect example Of that principle I would be shocked If anyone in this courtroom Could tell me whether a split-bolt connector Was properly insulated In fact, I'm not even sure What a split-bolt connector is So, right off the bat You can see why The general rule applies To a rural softball association That we have in this case Now, plaintiff relies On section 416 Of the restatement of torts Restatement second And I think what you need to do Is take a close look at that provision The language states One who employs a contractor To do work which the employer Should recognize As likely to create During its progress A peculiar risk Of physical harm to others During its progress Section 416 Is directed toward The construction project itself It's the construction project Where your contractor Digs a trench next to a sidewalk And forgets to put a fence up Plaintiff's counsel mentioned A case where they used a paint sprayer On a windy day That's clearly The action took place During the actual construction process Here we're dealing with Apparently Poorly insulated Wiring that over a period Of 10, 12, 15 years Finally deteriorated And caused this tragic accident So at the outset I would suggest that 416 Has no application at all The other Basis for plaintiff's claim Is based on section 427 Of the restatement And as pointed out in my brief That has no application Where the negligence of the contractor Creates a new risk Not inherent in the work itself Or in the ordinary way Of doing it Now that's explained further In section 426 You end up following kind of a series Here because they're all interrelated But it says that the employer will not be held liable If the contractor's Negligence consists solely of The improper manner in which he did The work. Well that's what we have Here. But there's more Did it create a risk of harm which is not Inherent in or normal to the work Well if he'd done it properly We would have had no risk Counsel is one minute Finally I'd just like to Wrap this up with A quick reference to Common sense What is it that the girls softball Association could have done Could they have hired a second contractor Would that have changed things How is it that they could have protected themselves This is not strict liability We are dealing with Electrical electricity Which is a dangerous Element But it is not considered Ultra hazardous like explosives It's something that we live with every day In our lives If there are no further questions I ask the court to affirm Thank you counsel May it please the court Counsel My name is Elizabeth Larson and I represent The school district defendants in this case As the court is aware We adopted the arguments of The LGSA with respect to counts Nine and ten against us I therefore adopt the arguments that Mr. Unrath Just made with respect to those counts as well My comments today will focus on Counts three and four Against the school district defendants The issue here on appeal against the school District defendants is very simple It is whether based on The allegations of the fourth amended complaint The school district defendants Owed a duty to plaintiffs succeeding individually The clear answer to that Question is no The reason for that is that the Source of the duty alleged in the fourth amended Complaint in counts three and four Is the health life safety code Contrary to Plaintiff's argument the allegations in the fourth amended Complaint are not based on Our status as a premises owner If the allegations of counts Three and four are examined in their entirety It is clear that the source of It is clear that the code Is the source of any alleged duty Against the school district defendants Paragraphs six, seven, and eight Of both Counts three and four Step forth the provisions of the health life Safety code upon which plaintiff Relies and all allegations Of willful and wanton conduct Against the school district defendants Flow from the obligations That plaintiff claims the defendants Have under this code It is alleged that the school District defendants had an obligation Under this code to maintain their property In a safe manner For anybody who could be on it But that they failed to do so Therefore it's Clear that this code is the source Of everything, of all Alleged failures that the school district Defendants have, not our status As a premises owner It's significant that If the court will look back, plaintiff did Attempt to plead a straight premises Liability count against the school district Defendants in the first amended complaint However, in the complaints that follow Including the one that's on appeal Here, the fourth amended complaint Plaintiff abandoned that Straight premises language In favor of the language Set forth in the health life safety code This was the strategy On plaintiff's part Plaintiff also elected not to include A simple, to add an additional count Five, if you will, against the school district defendants In the fourth amended complaint She elected not to do this Even though it was pretty clear Based on the circuit court's Ruling with respect to the third amended complaint That the writing was on the wall With respect to counts three and four Because the circuit court ruled that it was likely That these counts weren't going to be viable As they stood Because Of the Public duty rule And plaintiff also Could have asked for a leave to Replead a fifth time Again, we're talking about now multiple Attempts to plead A valid cause of action here against the school district Defendants, but she didn't do that She also didn't have asked to Have the order dismissing Counts three and four with prejudice Reconsidered Instead, she agreed She agreed to Nor did she request a three or four A finding at that time Correct, there was an agreed order Entered regarding the three or four A finding Which plaintiff signed off on Again, it's our opinion That abandoning that premises claim In favor of Including language from the health life safety code And having that be the source of the duty Was a strategy That plaintiff simply liked that language Of the code better It potentially carries an easier burden of proof And potentially that language would be More favorable to a jury However, it's also our opinion That plaintiff has now realized It was an error to abandon That premises count And this is shown in the brief when Plaintiff attempts to argue that this is a premises count Enhanced by the health life safety code Well, it is Thank you, it isn't This is not the forum to rewrite The allegations of the Fourth amended complaint Quickly, the public duty rule applies here By virtue of The way plaintiff has elected to Allege the duty here, again that's pursuant To the health life safety code Not as our status as a premises owner One more brief point It's not curious that we didn't raise The public duty rule until after We were invited to do so We thought it applied to us But it was our plan to answer the third Amended complaint on duty And then potentially move for summary judgment on that point Once the issues were narrowed And we could be sure that no premises count Was going to be brought against us At that point So if there are no questions, I thank you I have to ask the jurisdictional question Because I asked the school district Counts, is it three and four? Of the third amended complaint Were not dismissed They asked for leave To file a fourth amended complaint Before the court ruled As to the school district That's correct Right When the court ruled in July There's no ruling with regard to the Constitutionality of the public duty rule Trust me The July order Does not contain any language About the constitutionality of the public duty rule Or whether the court considered that issue There is language in that March 29th order only as to Brookhart Not as to the school Because the court didn't decide The motion to dismiss with regard to The third as to the school district I have a real problem With reaching a constitutional issue That counsel has Argued without arguing Without using the word unconstitutional Here before us I know we requested supplemental briefs On this jurisdictional issue And You came down on the side of Of course we want you to consider that issue Have you had a chance Do you want to give me your thoughts on that? Well I think I would stand on the points we made In our brief and I would say The notices of appeal here were confusing And I think that's where the issue Was created and I do agree with you that The There was Non-specific ruling made on the constitutional issue In regard to the Fourth amended complaint However I think the court can look at anything it wants to In making a ruling here Anything that happened in the circuit court So that's the reason Or part of the reason anyway That we did not take issue with any jurisdictional Issue with regard to the constitutionality Of the public duty rule But I understand obviously where the confusion Comes in I'm not sure if that answers your question Well the difficulty is When you start talking about constitutionality Of the public duty rule If we don't have jurisdiction to consider it It would be a great embarrassment For the supreme court to get a petition For me to appeal Having If this court decides an issue that we didn't have jurisdiction to decide I agree I agree And of course we think the public duty rule is constitutional As to the jurisdictional issue Again I think that was Created by the Notices of appeal here that were confusing If this were not a 304A appeal And it was a rule 303 appeal It was finalized to all parties The litigation had ended Maybe I'd agree with you But we get a limited window An opportunity to discuss Issues by virtue of that 304 order Which everybody apparently Reviewed and put in front of the judge And it says nothing about constitutionality Right And I agree with that Thank you Is there no further questions Thank you very much May it please the court My name is Melinda Manline and I represent Defendant Gerald Brookhart Who is the Peoria County Regional Superintendent of Schools There have been various red herrings thrown out In plaintiff's 65 page appellate brief And the supporting amicus brief But the issues in this case are actually pretty straightforward The basis for plaintiff's claim Against Defendant Brookhart Is that she alleges he has inspections duties Under the school code and its accompanying Health and safety code To inspect school district property That she does not allege that he owns, maintains, or possesses While she maintains That all she must do to state a claim is State a duty That oversimplifies the requirement That that duty must run to the plaintiff Or in this case the plaintiff's decedent On pages 7 and 10 of her reply brief She essentially admits That the duty she's alleged Run to the general public And that makes sense because what we're talking here About is not an injury to an alleged Student or a teacher We're talking about an alleged injury To a spectator at a softball tournament And that could be anyone We're also talking about an alleged duty That's particular to a specific governmental office Therefore her allegations fall squarely Under the public duty rule And any duty that Defendant Brookhart had Ran to the public at large Not to plaintiff's decedent individually Now of course plaintiff has also Raised the question of whether the public duty rule Is unconstitutional and the court Has obviously expressed Its concern with even addressing that issue But I would argue that that issue doesn't need to be addressed Because the Supreme Court has already addressed it In Zimmerman and Harnack And it examined The interrelationship of the public duty rule The special duty exception, the 1970 constitution And the Tort Immunity Act And it found that the public duty rule Is separate from sovereign immunity Because an immunity and a duty Are two different things And the public duty rule is used to determine Whether a duty exists Can we back up just to the General duty And I just want to expand Just slightly on that You said the regional superintendent of schools Owes no duty to this particular Child because he was Neither a student Or a teacher If this case Were a school Sports event And it was a student From another school district Outside of the county that was injured Would there Would your argument be the same That so long as it's not A student Or is it A student of that school Or a teacher of that school Or is it Any teacher or student Within Peoria County If that regional superintendent Only has that county Well I think that The duty alleged is that he is supposed to Inspect school districts And that the Health life safety code Is meant for the general welfare Of people, school personnel And others who use them When you're talking about a sporting event And that anyone Could be using the property So the code was meant to Be for anyone In the public at large So I don't think it actually matters Whether the plaintiff Was a student at that particular school Or a student at another school But for the purposes of plaintiff claiming That there's a special class here And it has to be a student to be protected She hasn't alleged that we have a student here Or anyone that would be part of that special class If that answers your question But the fact is Even if plaintiff had Alleged a duty here Defendant Brookhart is absolutely immune Under section 2-105 of the Tort Immunity Act Which provides immunity for a governmental entity That either fails to inspect Or makes an inadequate inspection The court didn't use that as a basis To dismiss And we're reviewing the dismissal Correct? Yes your honor How can we Address an issue that the court Didn't decide? I think our Our opinion in our Supplemental brief was that because the parties Had made these arguments to the court We hadn't Waived the arguments for appeal That would be our opinion here But if the court does not wish to hear any further No, it's not that I don't wish to hear I just want to be really careful Everything's very interesting You know But we're limited in what we can look at Did the court dismiss Counts 5 and 6 As to Brookhart Because of tort immunity Rendered him immune? No, it was due to the public duty rule Provided that he had no duty To the plaintiff So I suppose if we find the court was wrong And the public duty rule was unconstitutional We could still find That he's immune under the tort immunity Yes, your honor Because we can affirm on any grounds Yes, your honor Or reverse on any grounds But we can only affirm I would have to Look at my supplemental brief We can affirm on any grounds You can affirm on any ground in the record So you should be able to affirm an absolute immunity Without addressing the public duty rule Because we did argue this to the trial court And in this case Section 2-105 is what applies Plaintiff says that If you apply 2-105 Then that would mean that no governmental entity Would ever be responsible for the condition of any property Under a premises liability count But But the thing is Section 2-105 is only meant for inspections Of other people's property And that's what she's alleged happened here So it wouldn't apply to a premises liability count Which would apply to the governmental entity's own property Therefore Section 2-105 makes defendant Brookhart Absolutely immune here And you can affirm the trial court's decision On the immunity issue Or the public duty rule Thank you Counsel, you may argue Thank you, your honor Quickly with the school district Defendants counts 3 and 4 The premises liability I think when you read the complaint There's really no doubt That this is a premises liability Action The allegations that improperly Possessed, operated, managed, maintained And controlled the premises For a significant period of time If that's not sufficient to allege A duty under premises liability I'll be a little lost To know what should be alleged Next with the Brookhart I don't believe that The general Inspection Immunities would apply over The specific section 3-106 dealing with recreational Use property which has an exception For willful nonconduct I don't believe those general inspection Duties would apply Over section 3-106 I'd also Disagree with Counsel's argument That it would erase All premises Or it wouldn't erase all premises liability Counts because when you look at section 3-106 in there It's any governmental property There's no ownership Requirement in there It's just as long as it's governmental property If you have willful Nonconduct that is the approximate Cause of an injury as a result Of a condition on there I think you would be liable Going back to what we were Discussing earlier with whether This is an immunity or a duty I think the facts of this case Would really Illustrate the point that The public duty rule functions as an immunity In every sense And what I mean is section Counts 1 and 2, counts 3 and 4 Are virtually identical They're premises liability counts Directed at A private entity and a public Entity but it's based on the same condition On the same land If this court were to affirm the lower court What you would have is A private entity Is liable yet a public entity Is not. The only difference between the two Counts is the status of being A private entity versus a public To me that Sounds an awful lot Like sovereign immunity If that's the only difference is that The government is not liable My concern with the public duty rule And why I will take the stance that it is Unconstitutional Here is I'm still At a loss for when this rule Is to actually be applied and under what Circumstances It should be raised Because conceivably it should be raised Anytime the government is sued In any capacity under any theory You could always go back to The origins of Governmental liability and say well We didn't have any duties to anyone So Now we still won't have any duties To anyone. I don't think that Will allow the law to grow In the direction that we Need it to. For example as the Legislature creates more and more Governmental entities And Gerald Brookhart's office is an example Of it and they create these duties For them There's how would one Ever provide liability If you could always go back and say well Common law they didn't have a duty Simply because of the fact that this entity didn't even Exist So I think that you're going to run into Some problems and it's going to almost put a stalemate In the process of the law where you're Always going to be dealing with this Remnant of Old English law where the king can do no wrong So If you want us to consider The constitutionality Of the public duty rule Didn't you have an obligation To make sure the court ruled on The issues that you raised With regard to the public duty rule In the July order Well the court They did rule on the constitutionality Where? Because I've got the order In front of me and it's C1075 Or appendix 294 And there is No discussion of the constitutionality But on the March 29th Order the court Specifically writes a lengthy order And says note that the court This is the March 29th order Note that the court Has considered the constitutional issue Raised by plaintiff and does not find The constitutional challenge persuasive And that's at 143 of your appendix There is not any similar Language in that July order And I agree I agree with that and this is Dealing with a jurisdictional question I don't think the court should have any Concerns about that in our supplemental Briefs we laid out The law on this And every This isn't an appeal from a final judgment As to LGSA They're still in this lawsuit Right? That's correct And the court never ruled In March on the constitutionality As to the school district And didn't address it in the July order So I don't know how we can Find the rule as unconstitutional As it applies to The school district when the trial Court didn't consider that issue Well I think the trial court Did consider the issue The arguments were all made Before the court Not only in our briefing materials But we have lengthy oral arguments as well Where the arguments were made That this is unconstitutional The court chose not to Put it in its order But I think it's safe to say We did consider those arguments And how do we know that When you have not ensured That the record includes That issue for us to consider Well I guess it goes back to the The history of all of the Orders that led to the To the final order And the history is He only applied He only considered the Constitutional issue as to Brokaw In March And that's true because the Court hadn't told the defendant To raise the issue yet It wasn't until after that order They said the court said Hey you should raise the Public duty rule as well And then that's where it came up So they never even raised the public duty rule In this order So there wasn't even any reason To argue it in the March order It wasn't even raised by the school district Defendants at that time It wasn't until after that And it was argued And it was briefed at length And that's where this The July order comes from I think the cases in our supplemental brief They lay out The law on that where If everyone has briefed the issue The court has addressed it I think this court would have jurisdiction To rule on the issue There's nothing further Thank you counsel Thank you The court will take this case Under advisement. We'll take a brief Recess for a panel change And we'll render a decision And I will dispatch